# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VERNA STEVERSON and DAVIS STEVERSON, | ) ) ) |
| Plaintiffs, | ) ) |
| VS. | ) No. 3:19-cv-00140 |
| | ) Jury Trial Demanded |
| WALMART, CMI CLAIMS MANAGEMENT, CINCINNATI INSURANCE COMPANY, GE APPLIANCES, OZARK ELECTRONICS, and GREE MANUFACTURING COMPANY, | ) District Judge Crenshaw ) Magistrate Judge Newbern ) ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANTS WALMART AND CMI CLAIMS MANAGEMENT

### FIRST AFFIRMATIVE DEFENSE

Under the doctrine of comparative fault, Plaintiffs' claims should be barred or reduced by any fault attributed to Plaintiffs by the jury.

### SECOND AFFIRMATIVE DEFENSE

To the extent this accident was the fault of Defendant Cincinnati Insurance Company, Plaintiffs' claims against Defendants Walmart and CMI Claims Management should be barred or reduced by any fault attributed to Defendant Cincinnati Insurance Company.

### THIRD AFFIRMATIVE DEFENSE

To the extent this accident was the fault of Defendant GE Appliances, Plaintiffs' claims against Defendants Walmart and CMI Claims Management should be barred or reduced by any fault attributed to Defendant GE Appliances.

### FOURTH AFFIRMATIVE DEFENSE

1

To the extent this accident was the fault of Defendant Ozark Electronics, Plaintiffs' claims against Defendants Walmart and CMI Claims Management should be barred or reduced by any fault attributed to Defendant Ozark Electronics.

### FIFTH AFFIRMATIVE DEFENSE

To the extent this accident was the fault of Defendant Gree Manufacturing Company, Plaintiffs' claims against Defendants Walmart and CMI Claims Management should be barred or reduced by any fault attributed to Defendant Gree Manufacturing Company.

### SIXTH AFFIRMATIVE DEFENSE

To the extent this accident was the fault of "plaintiff's own professionals" who "installed professionally" the "air conditioning unit," Plaintiffs' claims against Defendants Walmart and CMI Claims Management should be barred or reduced by any fault attributed to such persons. See Complaint, Section III.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' personal injury claims are barred by the statute of limitations. See Tenn. Code Ann. §§ 29-28-103, 28-3-104.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' real or personal property claims are barred by the statute of limitations. See Tenn. Code Ann. §§ 29-28-103, 28-3-105.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of repose. See Tenn. Code Ann. § 29-28-103.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted. Under Tenn. Code Ann. § 29-28-105, the seller of a product shall not be liable for any injury to a person or

property caused by the product unless the product is determined to be in a defective condition or to be unreasonably dangerous at the time it left the seller's control.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted. Under <u>Tenn</u>. <u>Code</u> <u>Ann</u>. § 29-28-106, no product liability action shall be commenced against the seller unless: (1) "[t]he seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought," (2) the seller "altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery or damages is sought," (3) "[t]he seller gave an express warranty as defined by title 47, chapter 2," (4) "[t]he manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process," or (5) "[t]he manufacturer has been judicially declared insolvent."

### TWELFTH AFFIRMATIVE DEFENSE

Under <u>Tenn</u>. <u>Code</u> <u>Ann</u>. § 29-28-108, Plaintiffs' claims should be barred to the extent discovery reveals that the product "was made unreasonably dangerous by subsequent unforeseeable alteration, change, improper maintenance or abnormal use."

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted. Plaintiffs' complaint does not contain any factual assertions as to Defendant CMI Claims Management.

**Answering the numbered sections and paragraphs of the complaint, Defendant Walmart and Defendant CMI Claims Management respond as follows:**

I.  A.  Admitted upon information and belief.

3

Case 3:19-cv-00140   Document 19   Filed 02/19/19   Page 3 of 6 PageID #: 85

B. As to Defendant No. 1, the information provided for Defendant Walmart is denied as phrased. Defendant Walmart's principal place of business is 702 SW 8th Street, Bentonville, AR 72716-6209. As to Defendant No. 2, the information provided for Defendant CMI is denied as phrased. Defendant CMI's principal place of business is 702 SW 8th Street, Bentonville, AR 72716-6209. As to Defendant No. 3, the information provided for Defendant "Cincinitti Insc Co." (sic) is admitted upon information and belief. As to Defendant No. 4, the information provided for Defendant GE Appliances is admitted upon information and belief. As to Defendant No. 5, the information provided for Defendant Ozark Electronics is admitted upon information and belief. As to Defendant No. 6, the information provided for Defendant Gree Manufacturing Co. is admitted upon information and belief.

II. It is admitted that the basis for federal court jurisdiction is diversity of citizenship.

A. No assertions are made by Plaintiffs, so no response is required by Defendant Walmart or Defendant CMI and no response is given.

B. 1. a. Admitted upon information and belief.

b. It is denied that Walmart is a plaintiff in this matter. It is also denied that Walmart is incorporated under the laws of the State of Arkansas. Walmart, Inc. is a Delaware corporation. It is admitted that Walmart has a principal place of business in the State of Arkansas.

2. a. No assertions are made by Plaintiffs, so no response is required by Defendant Walmart or Defendant CMI and no response is given.

b. It is denied that Walmart is incorporated under the laws of the State of Arkansas. Walmart, Inc. is a Delaware corporation. It is admitted that Walmart has a principal place of business in the State of Arkansas.

3. Plaintiffs are not entitled to the amount in controversy stated or to any amount.

III. Defendant Walmart and Defendant CMI lack knowledge or information sufficient to form a belief about the truth of any of the allegations made by Plaintiffs in Section III of Plaintiffs' complaint.

IV. Plaintiffs are not entitled to the relief demanded or to any relief.

V. A. No response is required by Defendant Walmart or Defendant CMI and no response is given.

B. No response is required by Defendant Walmart or Defendant CMI and no response is given.

DEFENDANT WALMART AND DEFENDANT CMI DEMAND A JURY OF THE MAXIMUM NUMBER ALLOWED BY LAW.

s/ Elle G. Kern  
G. Andrew Rowlett, No. 16277  
Elle G. Kern, No. 34301  
HOWELL & FISHER, PLLC  
3310 West End Avenue  
Suite 550  
Nashville, TN 37203  
#615/244-3370  
Attorneys for Defendant Walmart and Defendant CMI

# Certificate of Service

I certify that on this the 19th day of February, 2019, a copy of the foregoing was electronically filed with the Court. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail.

Ms. Verna Steverson
Mr. Davis Steverson
111 Louise Drive
Dickson, TN 37055

E. Jason Ferrell, Esq.
Brewer, Krause, Brooks & Chastain PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
*Attorney for Cincinnati Insurance Company*

Daniel P. Berexa, Esq.
Mary E. Stonrer, Esq.
Cornelius & Collins, LLP
511 Union Street, Suite 1500
Nashville, TN 37219
*Attorneys for Ozark Electronics Repair, Inc.*

Joseph T. Rivera Jr., Esq.
Gordon & Rees|Scully Mansukhani
1 Battery Park Plaza, 28th Floor
New York, NY 10004
*Attorney for Haier U.S. Appliance Solutions,*
*Incorporated, d/b/a GE Appliances, and*
*Gree USA, Inc.*

                                                                s/ Elle G. Kern