UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERNA STEVERSON, et al., | |
| Plaintiffs, | Case No. 3:19-cv-00140 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| WALMART, et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

## ORDER

This action was removed to federal court from the Circuit Court for Dickson County, Tennessee, on February 12, 2019. (Doc. No. 1.) Defendants Ozark Electronics, Cincinnati Insurance Company, Walmart, CMI Claims Management, GE Appliances, and Gree Manufacturing Company have filed motions to dismiss pro se Plaintiffs Verna and Davis Steverson's complaint. (Doc. Nos. 6, 9, 14, 17, 20, 24.) Defendants served their motions on the plaintiffs by mail. To date, the Court has not received any response from the plaintiffs.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

Under this Court's Local Rules, a party must file any response in opposition to a motion to dismiss within fourteen days of its service. M.D. Tenn. R. 7.01(a)(3) (response) ("[A]ny party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion . . . ."). Federal Rule of Civil Procedure 6(d) provides an additional three days to the period for a response if service is made by mail. Fed. R. Civ. P. 6(d). This Court's Local Rules state that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed . . . ." M.D. Tenn. R. 7.01(a)(3) (response). Because the defendants filed and served their motions to dismiss between February 18, 2019, and February 20, 2019, any responses in opposition filed now would be untimely.

In light of the plaintiffs' pro se status, the Court will afford them an opportunity to show that good cause exists to allow them to file untimely responses to the pending motions to dismiss. Plaintiffs are therefore ORDERED to show cause by April 25, 2019, why the Magistrate Judge should not recommend that the defendants' motions to dismiss be granted or that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.

Plaintiffs are forewarned that failure to respond to this Order may result in a recommendation that this action be dismissed for the reasons stated in the defendants' motions or for the plaintiffs' failure to prosecute their claims.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge