UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERNA STEVERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00140 |
| | ) |
| WALMART, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court in this *pro se* product liability action is a Report and Recommendation (Doc. No. 43) in which Magistrate Judge Newbern recommends granting the five motions to dismiss of Defendants Walmart, CMI Claims Management, Cincinnati Insurance Company, Ozark Electronics, and Gree Manufacturing Company (Doc. Nos. 6, 9, 14, 17, 24) and denying the motion to dismiss of Defendant GE Appliances (Doc. No. 20). Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA") has filed objections to the Report and Recommendation. (Doc. No. 44.) No other objections have been filed. The Court has reviewed GEA's objections *de novo* as required by Federal Rule of Civil Procedure 72.

The background of this matter is adequately set forth in the Report and Recommendation. (Id. at 1-2.) Suffice it to say that Plaintiffs purchased an air conditioning unit from Wal-Mart and hired professionals to install the unit in their home. The Complaint broadly alleges that the unit malfunctioned and flooded their home, causing mold and resulting permanent damaged to their health. Plaintiffs brought suit against the Defendants for $16,500,000 in Tennessee Circuit Court, and the Defendants removed the case to this Court.

The six defendants filed Rule 12(b)(6) motions to dismiss on varying grounds. (See Doc. Nos. 6, 9, 14, 17, 20, 24.) GEA contended that the Complaint wholly failed to assert any facts naming it, and that Plaintiffs had not set forth facts sufficient to allow the Court to reasonably infer that GEA is liable for any alleged misconduct. (Doc. No. 21 at 4.) Without any such allegations, GEA argued that the Complaint failed to establish any plausible suggestion of wrongdoing attributable to it. (Id.)

Magistrate Judge Newbern correctly determined that Plaintiffs claims fall under the Tennessee Products Lability Act ("TPLA"). See Tenn. Code. Ann. § 29-28-102(6). Under the TPLA, "[a] manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a). The statute defines a "manufacturer" as "the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts[.]" Tenn. Code Ann. § 29-28-102(4). "[T]he TPLA's definition of 'seller' means any individual regularly engaged in exercising sufficient control over a product in connection with its sale, lease, or bailment, for livelihood or gain." Fox v. Amazon.com, Inc., 930 F.3d 415, 425 (6th Cir. 2019). To survive a motion to dismiss, a plaintiff under the TPLA must plead facts that allow the Court to draw a reasonable inference that (1) the defendant is either a manufacturer or a seller under the TPLA; (2) the product was defective and unreasonably dangerous; and (3) an injury was proximately caused by the defective product. Westfield Ins. Co. v. Broan-Nutone, LLC, No. 1-10-0110, 2011 WL 9048, at *1 (M.D. Tenn. Jan. 3, 2011) (citing Harwell v. Am. Med. Sys., Inc., 803 F. Supp. 1287, 1296 (M.D. Tenn. 1992)).

Applying this law, Magistrate Judge Newbern rejected GEA's motion to dismiss arguments. As an initial matter, she concluded that GEA had overlooked the attachment to the Complaint that identified the malfunctioning air conditioner as a "GE" product. (Doc. No. 43 at 5.) GEA objects to this conclusion on the ground that the attachment is not a "written instrument" that can be relied upon in this context by the Court. GEA is correct.

Courts often reference the familiar maxim that "[d]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007). However, under the Federal Rules of Civil Procedure and relevant authority, the Court must conduct a closer examination of the proposed "written instrument." As now-retired Judge Campbell succinctly explained in Benzon v. Morgan Stanley Distributors, Inc., Case No. 3:03-0159, 2004 WL 62747 (M.D. Tenn. Jan. 8, 2004):

> The Court may consider . . . in addition to the pleadings, any document that is explicitly relied upon in the complaint. The Court may consider, for example, documents incorporated by reference in the complaint or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. The Federal Rules of Civil Procedure provide that a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. Fed. R. Civ. P. 10(c). A "written instrument" within the meaning of Rule 10(c) *is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement. The documents that satisfy this definition consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based.*

Id. at *2 (emphasis added); see also BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "instrument" as "a written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate"). Based upon this understanding of "written instruments," the Sixth Circuit and district courts in this circuit have

3

rejected using attachments to the pleadings under Rule 10(c) as "evidentiary material" to *add* substantive allegations to a complaint. Copeland v. Aerisyn, LLC, 1:10-cv-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (collecting cases on definition of "written instrument" and holding attachment of deposition excerpts and notes from third-parties constitute "extraneous or evidentiary material that should not be attached to the pleadings"); In re Empyrean Biosciences, Inc. Sec. Litig., 219 F.R.D. 408, 413 (N.D. Ohio 2003) (holding that, when a complaint is otherwise lacking in substantive allegations, an affidavit that contains evidentiary support for the absent allegations is not a "written instrument" for purposes of Rule 10(c)); Bowens v. Aftermath Entm't, 254 F.Supp.2d 629, 640 (E.D. Mich. 2003) (explaining that an attachment, unlike a contract, does not define the rights and obligations of the parties, is not a "written instrument" for purposes of Rule 10(c), and more like the sort of evidentiary material that should not be attached to pleadings) (citing 5 Charles A. Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1327 (2d ed. 1990 & supp. 2002)); Day v. DeLong, No. 3:16-cv-00437, 2017 WL 5903761, at *7 (S.D. Ohio Nov. 30, 2017) (exhibits attached to answer consisting of written narrative reports are "not on par with a contract, deed, will, promissory note, or other such 'written instruments' within Rule 10(c)"), report and recommendation adopted, No. 3:16-cv-437, 2018 WL 348057 (S.D. Ohio Jan. 10, 2018).

Here, the attachment to the Complaint upon which the Magistrate Judge relied in denying GEA's motion to dismiss consists of an email from Plaintiffs to "aaaceosolutions@gmail.com," in which they state:

> Due to the damage done to our health and home caused by the GE air conditioner unit malfunctioning, therefore completely destroying our home, and perminatly [sic] and continuously [sic] causing irreversible and ongoing damage to our families [sic] health. We hereby file suit against all responsible parties. We have continuously tried to work with these responsible companies, asking them to

4

> repair the damage caused by this faulty air conditioner unit. These companies led us to believe that they were going to help us in repairing the damages done. The companies responsible have made no effort in the repair of our home. Therefore, the damage being unrepaired for so long caused my family to be deadly ill. This damage if taken care of when we contacted the companies responsible would not have resulted in the permanent bodily injuries to our family and our home. On April 2018 [sic] we received confirmation from our doctors that this toxic mold were [sic] causing severe health problems and we were ordered to leave our homes immediately.

(Doc. No. 1-2 at 8.) This e-mail is not a "written instrument" under Federal Rule of Civil Procedure 10(c), because it does not evidence legal rights or duties or give formal expression to any legal act or agreement, such as a statute, contract, will, lease, promissory note, share certificate, or other formal agreement. Benzon, 2004 WL 62747, at *2. The email is a communication that, at most, contains additional allegations and expands on Plaintiffs' evidentiary narrative. Rule 10(c) does not permit this Court to rely on the email to supplement the allegations of the Complaint. Copeland, 2011 WL 2181497, at *1; In re Empyrean Biosciences, Inc. Sec. Litig., 219 F.R.D. at 413.

The Court therefore concludes that the Magistrate Judge should not have considered the e-mail attachment for purposes of deciding GEA's motion to dismiss. Without the reference in the e-mail to a "GE air conditioner," it is evident that Plaintiffs have not asserted any facts in the Complaint alleging that GEA is the "manufacturer" or "seller" of the air conditioner, as required under the TPLA to maintain a products liability claim. Because Plaintiffs have not set forth facts sufficient to allow the Court to reasonably infer that GEA is liable for any alleged misconduct, the Court must grant GEA's motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (holding that, to survive a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"); Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d

459, 464 (6th Cir. 2013) ("If the plaintiffs do not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed.") (citation and brackets omitted).

The Court notes that Plaintiffs have not filed timely objections to the Report and Recommendation. However, on August 5, 2019, Plaintiffs filed a one-sentence request for "leave of 30 days to amend the Complaint" and to "further respond" with the assistance of counsel they will engage. (Doc. No. 45.) While the Court acknowledges the general leniency that should be afforded to *pro se* litigants, the Court and the parties are always bound by the Federal Rules of Civil Procedure and Local Rules of Court. Plaintiffs' latest filing is clearly insufficient to suffice as objections to the Report and Recommendation. See Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). As a request for an extension of time to file a motion to amend, this latest *pro forma* filing lacks substance and is unpersuasive. The motions to dismiss in this case have been pending for nearly six months, during all of which time Plaintiffs have had the opportunity to move to amend their Complaint. During that time, Plaintiffs twice requested additional time to respond to the motions to dismiss, and previously asked for extra time to secure counsel, something that never occurred. Twice, the Magistrate Judge indulged Plaintiffs, but had to resort to threatening them with a recommendation of dismissal. (Doc. No. 35, 37.) Plaintiffs eventually responded to the motions to dismiss months late and never moved to amend. (Doc. No. 38.) Given this history of delay in this matter, their one-sentence request for a further extension gives no sign of being anything other than another in a series of delays. In the end, Plaintiffs have not provided the Court with sufficient basis to postpone decision on the pending Report and Recommendation. That being said, the dismissal of the *pro se* Complaint will be without prejudice,

thus ensuring that Plaintiffs "are not irrevocably deprived of [their] day in court." Nwokocha v. Perry, 3 F. App'x 319, 321 (6th Cir. 2001) (citations omitted).

Accordingly, the Court rules as follows:

1. The Report and Recommendation (Doc. No. 43) is **APPROVED AND ADOPTED IN PART** regarding the Magistrate Judge's recommendation to grant the motions to dismiss of Defendants Walmart, CMI Claims Management, Cincinnati Insurance Company, Ozark Electronics, and Gree Manufacturing Company and **SET ASIDE IN PART** regarding the Magistrate Judge's recommendation to deny GEA's motion to dismiss.

2. All Defendants' Motions to Dismiss (Doc. Nos. 6, 9, 14, 17, 20 24) are **GRANTED**.

3. Plaintiffs' Motion for Extension of Time to Amend (Doc. No. 45) is **DENIED**.

4. This case is **DISMISSED WITHOUT PREJUDICE**.

This is a final order under the Federal Rules of Civil Procedure. The Clerk shall close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE