UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERNA STEVERSON, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> WALMART, et al., <br><br> Defendants. | Case No. 3:19-cv-00140 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

Defendants GE Appliances (GE), Cincinnati Insurance Company (CIC), Walmart, CMI Claims Management (CMI), Gree Manufacturing Company (Gree), and Ozark Electronics (Ozark) have filed motions to dismiss pro se Plaintiffs Verna and Davis Steverson's amended complaint in this products liability action. (Doc. Nos. 57, 59, 60, 62, 66.) The Steversons have responded in opposition (Doc. No. 69) and several of the defendants have filed replies (Doc. Nos. 70, 71, 72, 73). For the reasons that follow, the Magistrate Judge will recommend that the Court grant the defendants' motions and dismiss the amended complaint.

**I.      Factual and Procedural Background**

  **A.      Original Complaint, Removal to Federal Court, and First Motions to Dismiss**

The Steversons filed this action in the Circuit Court for Dickson County, Tennessee, on December 31, 2018, against Defendants Walmart, CMI, CIC, GE, Ozark, and Gree, alleging that an air conditioning unit the Steversons purchased from Walmart had malfunctioned, flooding the

Steversons' home and causing mold damage that affected their physical health.[1] (Doc. No. 1-2.) Defendants Ozark, CMI, and Walmart removed the action to this Court on February 12, 2019 (Doc. No. 1), and all of the defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5). (Doc. Nos. 6, 9, 14, 17, 20, 24). Ozark, CIC, CMI, and GE argued that the complaint failed to allege any facts related to their conduct and therefore did not satisfy federal pleading standards. (Doc. Nos. 7, 10, 18, 21.) Walmart argued that the allegation that it sold the AC unit was insufficient to state a claim for relief under the Tennessee Products Liability Act ("TPLA"), Tenn. Code. Ann. § 29-28-101 et seq. (Doc. No. 15.) Gree argued that it had not been properly served and had only received notice of the action from the other defendants. (Doc. No. 25.)

The Magistrate Judge recommended granting the motions to dismiss filed by Walmart, CMI, CIC, Ozark, and Gree, and denying the motion to dismiss filed by GE. (Doc. No. 43.) GE objected to the report and recommendation, arguing that the Magistrate Judge should not have considered a document attached to the original complaint in determining whether the Steversons had stated a plausible claim for relief against it. (Doc. No. 44.) In response, the Steversons moved to file an amended complaint. (Doc. No. 45.) The District Judge approved and adopted the Magistrate Judge's recommendations to dismiss all claims against Walmart, CMI, CIC, Ozark, and Gree, but set aside the recommendation to deny GE's motion, denied the Steversons' motion, and dismissed the action without prejudice. (Doc. No. 48.)

---

[1] The complaint states: "Plaintiff purchased an air conditioning unit from Walmart and it was installed by the plaintiff's own professionals. The air conditioning unit malfunctioned and flooded the plaintiff's home, causing mold and permanent damage to the plaintiff's health." (Doc. No. 1-2, PageID# 10.)

On August 30, 2019, the Steversons filed a motion for reconsideration, again asking for the opportunity to amend the complaint. (Doc. No. 50.) The Court ordered the Steversons to file a proposed amended complaint within ten days and ordered the defendants to file a response within five days of its filing. (Doc. No. 54.) The Steversons filed an amended complaint on September 20, 2019. (Doc. No. 55.) The defendants responded by filing motions to dismiss the amended complaint. (Doc. Nos. 57, 59, 60, 62, 66.) The Court granted the Steversons' motion for reconsideration and referred the defendants' motions to dismiss the amended complaint to the Magistrate Judge. (Doc. No. 65.)

### B. Amended Complaint and Second Motions to Dismiss

The Steversons' amended complaint alleges that "[t]he GE A.C. unit has complet[e]ly destroyed" their home, and "Wal[]mart, CMI, [CIC], GE Appliances, Ozark Electronics, and Gree Manufacturing Company are ALL responsible for manufacturing and selling/mark[e]ting a product w[h]ich is [d]efective and [d]angerou[]s[.]" (Doc. No. 55, PageID# 288 (emphasis in original).) The amended complaint further specifies that the air conditioning unit was defective and dangerous because the defendants "chose" not to put "drain holes in the back of the unit," which would have allowed "the AC unit [to] drain outside of the home[.]" (*Id.* at PageID# 292.) The Steversons allege that this design caused "liquid (toxic chemic[]als) [to] pour[ ] out the front" of the AC unit, "flooding the Steversons['] home . . . ." (*Id.* at PageID# 293.) They further allege that they are "dying because of [the] AC unit flooding [their] home with toxic and deadly chemic[]als" and, "after spending [their] life savings staying out of [their] home for 14 months[,] [they] had no choice but to come back home after spending over [$]100,000 . . . to refurbish or try to remove the toxic chemic[]als . . . ." (*Id.* at PageID# 291.)

The defendants have filed motions to dismiss the amended complaint. (Doc. Nos. 57, 59, 60, 62, 66.) CIC, Walmart, CMI, GE, and Ozark, again argue, under Federal Rule of Civil

3

Procedure 12(b)(6), that the Steversons have failed to state claims against them upon which relief may be granted because the amended complaint contains insufficient details to support a reasonable inference that the defendants are liable under the TPLA. (Doc. Nos. 59, 60, 61, 67.) These defendants argue that, although the amended complaint alleges some additional facts regarding their roles, it contains only conclusory and unsupported statements grouping all the defendants together and accusing them generally of wrongdoing. (Doc. Nos. 59, 60, 61, 67.) CIC further argues, as it did in response to the original complaint, that Tennessee law prohibits finding CIC liable as Ozark's insurer unless Ozark is found liable first. (Doc. No. 59.) Gree argues that the Steversons have again failed to effect proper service of process on it and that their claims should be dismissed under Rule 12(b)(5). (Doc. No. 63.)

In response to the defendants' motions, the Steversons reiterate allegations that the defendants failed to compensate them for the damage caused by the faulty air conditioning unit. (Doc. No. 69.) The Steversons emphasize that "each and every[ ]one [of the defendants] that has been named in this lawsuit is playing a huge part in killing the Steverson family . . . ." (*Id.* at PageID# 390.)

## II.     Legal Standards

### A.     Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead

'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because the Steversons appear pro se, the Court construes their filings "'liberally'" and holds the complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Dismissal Under Federal Rule of Civil Procedure 12(b)(5)

Rule 12(b)(5) authorizes courts to dismiss a complaint for insufficient service of process, including for failure to comply with the service requirements of Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 12(b)(5); *see* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1353 (3d ed. updated Apr. 2020) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." (footnote omitted)). "The party on whose behalf service of process was made has the burden of establishing its

validity." *Chase v. White*, No. 3:16-cv-01576, 2016 WL 7210155, at *4 (M.D. Tenn. Dec. 13, 2016). In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence to determine the sufficiency of service. *Id.*

**III.     Analysis**

Under the TPLA, "[a] manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a). The TPLA defines a "[m]anufacturer" as "the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts[.]"*Id.* § 29-28-102(4). It defines a "[s]eller" as "any individual or entity engaged in the business of selling a product," including "a retailer, wholesaler, or distributor," "whether such sale is for resale, or for use or consumption." *Id.* § 29-28-102(7). Sellers that did not also manufacture a product (non-manufacturer sellers) may only be held liable under the TPLA if one of five exceptions applies. *See Greer v. Motion Water Sports, Inc.*, No. 3:17-cv-01013, 2018 WL 1907449, at *2 (M.D. Tenn. Apr. 23, 2018) ("The TPLA 'shields non-manufacturer sellers of products from liability' unless one of the five exceptions apply." (footnote omitted)). Specifically, the TPLA provides that:

> [n]o product liability action, as defined in § 29-28-102, shall be commenced or maintained against any seller, other than the manufacturer, unless:
>
> (1) The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;
>
> (2) Altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;
>
> (3) The seller gave an express warranty as defined by title 47, chapter 2;

(4) The manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or

(5) The manufacturer has been judicially declared insolvent.

Tenn. Code Ann. § 29-28-106.

To state a claim for relief under the TPLA against the defendants, the Steversons must plausibly allege that each defendant is either a manufacturer or non-manufacturer seller as defined by the TPLA and that "(1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the [defendant]'s control, and (3) the [Steversons'] injury was proximately caused by the defective product." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citation omitted).

### A. Walmart's Motion to Dismiss

Walmart argues that the Steversons' claims should be dismissed with prejudice under Rule 12(b)(6) because the Steversons have again failed to plead sufficient facts to allow the Court to draw a reasonable inference that Walmart can be found liable under the TPLA. (Doc. No. 60.) Even liberally construing all of the Steversons pro se filings in this action, the Court finds that the Steversons have failed to state a plausible claim for relief against Walmart. The allegations in the amended complaint that *all* of the defendants are responsible for designing, manufacturing, selling, and marketing the AC unit are conclusory. (Doc. No. 55.) They are therefore "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554–55). The allegations about Walmart in the Steversons' motion for reconsideration primarily concern Walmart's refusal to replace the unit or reimburse the Steversons.[2] (Doc. No. 50.) The Steversons state that Walmart

---

[2] Because the Steversons could move to amend their pleading to allege these additional facts, the Court may consider them in analyzing the defendants' motions to dismiss. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that the district court should have "read

refused their request to replace or refund the AC unit even though they made their request within "the advertised return policy period." (*Id.* at PageID# 268.) The Steversons also allege that Walmart "deceptively told [them]" not to file a claim about the damage from the AC unit with their "home owner's ins[urance] co[mpany] because [the insurance company] would cancel th[ei]r policy . . . ." (*Id.*) Finally, the Steversons allege that, after the AC unit failed, Walmart, along with CMI and Ozark, "order[ed]" CIC to hire an "engineering/design [and] testing corp[oration]" to "pick[ ] up [the AC unit] from the Steversons' residence for diagnostic testing which has never been p[er]form[ed]." (*Id.* at PageID# 265.) These allegations, taken as true and construed liberally, do not support a reasonable inference that Walmart manufactured the unit; that Walmart exercised substantial control over the unit's design, testing, manufacture, packaging or labeling before it malfunctioned; that Walmart altered or modified the unit before it malfunctioned; that Walmart gave an express warranty; or that the that the manufacturer has been declared insolvent or is otherwise not subject to this Court's jurisdiction. The Steversons have therefore failed to state a plausible claim for relief against Walmart under the TPLA, and Walmart's motion to dismiss should be granted.

### B. GE's Motion to Dismiss

GE similarly argues that the Steversons' claims against it should be dismissed with prejudice under Rule 12(b)(6) because the Steversons have failed to plead sufficient facts to allow the Court to draw a reasonable inference that GE can be found liable as a manufacturer or non-manufacturer seller under the TPLA. (Doc. No. 61.) Construing all of the Steversons pro se filings

---

all of [the pro se plaintiff's] filings together before dismissing [the] case"); *Harding v. Davidson Cnty. Sheriff's Office*, No. 3:13-cv-0449, 2013 WL 5774937, at *3 (M.D. Tenn. Oct. 25, 2013) (rejecting argument that "factual allegations made in [a pro se] plaintiff's response in opposition to [a] motion to dismiss" should not be considered in ruling on the motion to dismiss).

in this action liberally, the Court finds that the Steversons have failed to state a plausible claim for relief against GE under the TPLA. Although the amended complaint repeatedly refers to the air conditioner as a GE AC unit, the Steversons have alleged that Gree, not GE, manufactured the unit.[3] (Doc. No. 55, PageID# 296 ("Gree of China will produce and manufact[u]r[e] . . . any product that they can sell for a profit!"); Doc. No. 69, PageID# 391 (stating that the AC unit was "[b]uilt by Gree Co."); *id.* at PageID# 392 ("Gree . . . has violated the T.P.L.A. by manufact[u]ring an air conditioning unit that is [d]efe[c]tive and or unreasonably [d]anger[]ous.").)[4] The Steversons' conclusory allegations that all of the defendants, including GE, were responsible for designing and manufacturing the unit are insufficient to support a reasonable inference that GE qualifies as a manufacturer as defined by the TPLA. *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554–55). The Steversons allege in their response in opposition to the motions to dismiss that "GE Appliances [d]esigned the AC unit that . . . was and [i]s [d]efective and [d]angerous . . . ."

---

[3] Tennessee courts have adopted "[t]he apparent manufacturer doctrine[,]" which "states that one who puts out as his own product a chattel by another is subject to the same liability as though he were the manufacturer." *Travelers Indem. Co. v. Indus. Paper & Packaging Corp.*, No. 3:02–CV–491, 2006 WL 3864857, at *8 (E.D. Tenn. Dec. 18, 2006) (citing Restatement (Second) of Torts § 400 (Am. Law Inst. 1964)); *see also Bogart v. STP Corp.*, No. 82C-578, 1985 WL 301940, at *3 (Tenn. Cir. Ct. Oct. 2, 1985) ("A purchaser of an article ought to be able to rely upon the labeling of a product to identify the manufacturer; and, in the absence of the name of the real manufacturer, the marketer named on the product ought to be conclusively presumed to be the manufacturer."). In this action, the Steversons have identified Gree as the actual manufacturer of the AC unit but, as explained below, have failed to effect service of process on Gree. (Doc. Nos. 55, 69.) The Steversons have not argued that GE may be held liable under the apparent manufacturer doctrine in these circumstances, and the Court need not make that argument on the Steversons' behalf. *See Brown*, 22 F. App'x at 578.

[4] Because the Steversons could move to amend their pleading to allege the additional facts found in their response in opposition to the motions to dismiss, the Court may consider these facts in analyzing the defendants' motions. *See Richardson*, 193 F.3d at 548 (holding that the district court should have "read all of [the pro se plaintiff's] filings together before dismissing [the] case"); *Harding*, 2013 WL 5774937, at *3 (rejecting argument that "factual allegations made in [a pro se] plaintiff's response in opposition to [a] motion to dismiss" should not be considered in ruling on the motion to dismiss).

(Doc. No. 69, PageID# 397.) But the Steversons have not alleged any facts to support this allegation, and "'naked assertion[s]' devoid of 'further factual enhancement'" are not enough to satisfy federal pleading standards. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). The Court further finds that the Steversons' have not plausibly alleged that GE is liable as a non-manufacturer seller under the TPLA because their allegations do not support a reasonable inference that GE exercised substantial control over the unit's design, testing, manufacture, packaging or labeling before it malfunctioned; that GE altered or modified the unit before it malfunctioned; that GE gave an express warranty; or that the that Gree, the manufacturer, has been declared insolvent or is otherwise not subject to this Court's jurisdiction. Accordingly, GE's motion to dismiss should be granted.

### C. Motions to Dismiss Claims Against Ozark, CIC, and CMI

Ozark, CIC, and CMI also argue that the Steversons' amended complaint is subject to dismissal under Rule 12(b)(6) because it contains insufficient facts to support a reasonable inference that they are liable for any alleged wrongdoing under the TPLA. (Doc. Nos. 59, 60, 67.) CIC further argues that the Steversons cannot state a claim against it as Ozark's insurer because Tennessee law does not permit direct actions against an insurer by a person not covered by the relevant insurance policy unless there has been a finding of liability on the part of the insured. (Doc. No. 59.)

The Court has already found that the Steversons' conclusory allegations that all of the defendants are responsible for designing, manufacturing, selling, and marketing the AC unit are not entitled to an assumption of truth. *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554–55). The Steversons' remaining allegations against Ozark, CIC, and CMI relate to conduct that took place after the AC unit malfunctioned. For example, the amended complaint alleges that, "when the . . . AC unit failed . . .[,]" it was "sent to Ozark Electronics to be rebuilt . . . ." (Doc.

10
Case 3:19-cv-00140   Document 74   Filed 08/13/20   Page 10 of 14 PageID #: 432

No. 55, PageID# 293.) The Steversons' motion for reconsideration alleges that CMI and Ozark, along with Walmart, "order[ed]" CIC to hire an "engineering/design [and] testing corp[oration]" to "pick[ ] up [the AC unit] from the Steversons' residence for diagnostic testing which has never been p[er]form[ed]." (Doc. No. 50, PageID# 265.) Their response in opposition to the motions to dismiss alleges that "the Steversons were promised that the [i]nspection and [d]iagnostic testing would be performed right away, [i]mmediately after picking up the GE AC unit[,]" but approximately "2 years later this [d]iagnostic [i]nspection has never been p[er]formed[.]"(Doc. No. 69, PageID# 380.) These allegations, even taken as true and construed liberally, do not support a reasonable inference that Ozark, CIC, or CMI manufactured the unit; that Ozark, CIC, or CMI exercised substantial control over the unit's design, testing, manufacture, packaging or labeling before it malfunctioned; that Ozark, CIC, or CMI altered or modified the unit before it malfunctioned; that Ozark, CIC, or CMI gave an express warranty; or that the that Gree, the manufacturer, has been declared insolvent or is otherwise not subject to this Court's jurisdiction. Moreover, CIC is correct that "Tennessee is not a 'direct action' state where a plaintiff can sue the liability insurance carrier of the defendant who allegedly caused the harm" without first establishing that the insured defendant "has become 'legally obligated' to pay the damages resulting from" the plaintiff's claimed injury. *Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 52 (Tenn. Ct. App. 2006) (quoting *Seymour v Sierra*, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002)).

The Steversons have therefore failed to state plausible claims for relief under the TPLA against Ozark, CIC, and CMI. These defendants' motions to dismiss should be granted.

### D. Gree's Motion to Dismiss

Gree again argues that dismissal is appropriate under Rule 12(b)(5) because the Steversons failed to serve it in compliance with Federal Rule of Civil Procedure 4(h) or Tennessee Rule of

Civil Procedure 4.05. (Doc. No. 63.) Gree argues that the state-court summons issued in this action prior to removal (Doc. No. 24-1) names the wrong legal entity and is addressed not to Gree's agent for service of process, but to a warehouse in New York that does not have any agents authorized to accept service on Gree's behalf. (Doc. No. 63.) Moreover, Gree states that it never actually received a copy of the state-court summons at the New York address. (*Id.*) In their response in opposition to the motions to dismiss, the Steversons "appolagize [*sic*] if [they] accidently called [Gree] by a mis[s]pelling or mispronouncing of [Gree's] name." (Doc. No. 69, PageID# 392.) The Steversons do not argue that they served Gree in compliance with federal or state rules.

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Rule 4(c) provides that "[a] summons must be served with a copy of the complaint" and the plaintiffs are "responsible for having the summons and complaint served . . . ." Fed. R. Civ. P. 4(c). Rule 4(l) provides that, "[u]nless service is waived, proof of service must be made to the

court" and, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(c)(l)(1). The Steversons have not provided any proof of service on Gree, and there is no indication in the record that the Steversons served Gree at all, much less in compliance with Federal Rule of Civil Procedure 4(h) or any relevant state rule.[5] The Steversons have therefore failed to carry their burden to establish valid service of process on Gree, and Gree's motion to dismiss under Rule 12(b)(5) should be granted. *See Chase*, 2016 WL 7210155, at *4.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motions to dismiss the amended complaint (Doc. Nos. 57, 59, 60, 62, 66) be GRANTED and that this action be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

---

[5]     Rule 4(h) provides two acceptable methods for serving corporate defendants like Gree. First, service on a domestic or foreign corporation in a United States judicial district may be accomplished

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). Second, Rule 4(h) allows for service of a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ." Fed. R. Civ. P. 4(h)(1)(A). That method of service involves "following state law for serving a summons . . . in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 13th day of August, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge