# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VERNA STEVERSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 3:19-cv-00140 |
| WALMART, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

The Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 74) recommends granting the motions to dismiss of Defendants Walmart, Gree Manufacturing Company ("Gree"), Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GE"), CMI Claims Management ("CMI"), Cincinnati Insurance Company ("CIC"), and Ozark Electronics ("Ozark"). (Doc. Nos. 57, 59, 60, 62, and 66). Plaintiffs, proceeding *pro se*, have filed handwritten letters that the Court construes as timely objections to the R&R. (Doc. Nos. 75 and 76).

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered proper. Fed. R. Civ. P. 72(b)(2). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v.

Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

This is a products liability action involving an allegedly defective air conditioning ("AC") unit manufactured by Gree and sold to the Steversons by Walmart. The Magistrate Judge found dismissal is required because Plaintiffs had not plausibly alleged Walmart, GE, CMI, CIC, or Ozark were "either a manufacturer or non-manufacturer seller" under the Tennessee Products Liability Act ("TPLA"). (Doc. No. 74 at 7). Specifically, the Magistrate Judge found that Plaintiffs only offered conclusory allegations that all Defendants were responsible for designing, manufacturing, and selling the AC unit. The Magistrate Judge concluded that Plaintiffs' allegations that Walmart refused to refund or replace their unit did not support a reasonable inference that Walmart had manufactured, altered or modified, or otherwise exercised substantial control over the AC unit before it malfunctioned. (Id. at 7–8). Similarly, the Magistrate Judge reasoned that GE's motion to dismiss was well taken because no facts supported the allegation that GE designed or manufactured the unit. (Id. at 9–10). The allegations about Ozark and CMI pertaining to conduct after the AC unit malfunctioned could not show that either were liable under the TPLA, (id. at 10–11), and without a valid claim against Ozark, its insurer CMI could not be liable under Tennessee law. (Id. at 11). Finally, the R&R recommends granting Gree's motion to dismiss because of lack of service of process. (Id. at 12–13).

Plaintiffs' objections in no way disturb Magistrate Judge's legal conclusions. Plaintiffs' letters about their medical problems and property damage allegedly caused by the AC unit simply have no relevance to the Magistrate Judge's rationale or legal conclusions. (Doc. Nos. 75 at 3–6; 76 at 1–4). Those letters do not provide any factual support establishing that Walmart, GE, CMI,

2

CIC, or Ozark manufactured, designed, altered, or exercised substantial control over the AC unit to be liable under the TPLA. Nor do they address the failure of service of process on Gree.

Plaintiffs offer the expert opinion letter of John Coty Banks, the owner of an AC repair business, who opines [that] the [Steversons'] unit was not properly working" and was "unreasonably dangerous" because it did not have drain holes. (Doc. No. 75 at 1). He further states that Walmart "modified and altered the unit." While Federal Rule of Evidence 704 allows his expert testimony on the ultimate issue, Mr. Banks' opinion does little to support the dispositive issue here that Plaintiffs offer no evidence that Defendants' conduct makes them subject to the TPLA. The matter at issue here is whether Walmart exercised substantial control over the unit, and Banks' testimony does not help to understand Walmart's role.

After *de novo* review of the R&R, Plaintiffs' objections, and the record, the Court agrees with the R&R's findings and conclusions. Accordingly, the R&R (Doc. No. 74) is **APPROVED AND ADOPTED**. Defendants' Motions to Dismiss (Doc. Nos. 57, 59, 60, 62, and 66) are **GRANTED** and this case is **DISMISSED**.

This is a final order. The Clerk shall enter a final judgment in accordance with Fed. R. Civ. P. 58 and close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE